IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | Case No. 23-90086 (CML) |
| Debtor. | |

_____

| | |
|---|---|
| TEHUM CARE SERVICES, INC., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 23-03049 |
| THOSE PARTIES LISTED IN APPENDIX A, | |
| Defendants. | |

**ANSWER OF DEFENDANTS KOHCHISE JACKSON AND WILLIAM KELLY**

COMES now Defendants, Kohchise Jackson and William Kelly ("Defendants"), by and through their undersigned counsel, for their Reply and Answer to the Tehum Care Services, Inc's ("Debtor"), *Complaint seeking (I)(A) A Declaratory Judgment that the Automatic Stay applies to certain claims and causes of action asserted against certain non-debtors and (B) An Extension of the Automatic Stay to certain non-debtors, or in the Alternative, (II) A Preliminary Injunction related to such Actions*, the ("Defendants"), states as follows:

Except as expressly admitted or qualified below, Defendants' DENY each and every

1

allegation in the Complaint.

## LOCAL RULE 7012-1 STATEMENT

Defendants Kohchise Jackson and William Kelly do not consent to entry of final orders and judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## ANSWER

1.      Paragraph 1 of the Complaint contains legal conclusions and the opinions held by the Plaintiff, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained herein. On information and belief, the Plaintiff's goal in this case is not to maximize the value of its estate, but rather to shield the assets of its "Non-Debtor Affiliates" from creditors. On information and belief, the "Non-Debtor Affiliates" are owned and/or operated by the same persons who own and control the Plaintiff/Debtor.

2.      Paragraph 2 of the Complaint sets forth the relief sought by the Plaintiff and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

3.      Paragraph 3 of the Complaint sets forth the relief sought by Debtor and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

4.      It is admitted that in May of 2022, the Debtor changed its state of incorporation from Delaware to Texas in order to effectuate a divisional merger pursuant to the Texas Business Organizations Code. It is further admitted that the divisional merger purported to allocate nearly all the Debtor's assets to a new entity, CHS TX, Inc. (D/B/A "YesCare") while leaving behind most of the Debtor's unsecured liabilities. The remaining allegations in this paragraph are denied.

5.      Paragraph 5 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained herein, and specifically deny that their successor-liability claims against CHS TX, Inc. are estate property.

6.      Paragraph 6 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

7.      Paragraph 7 of the Complaint contains legal conclusions and opinions held by the Debtor and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

8.      Paragraph 8 of the Complaint contains the opinions of the Debtor and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

9.      With respect to Paragraph 9, Defendants ADMIT that the Plaintiff is the above-

captioned debtor, debtor in possession and is a corporation organized under the laws of Texas.

10.     With respect to Paragraph 10, Defendants ADMIT that they are Plaintiffs in pending lawsuits against the Debtor, DENY that their claims are property of the Debtor's estate, and are without knowledge and or information sufficient to form a belief as to truthfulness of the remaining allegations and, therefore, DENY the remaining allegations contained in therein.

11.     This paragraph states legal conclusions and thus does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

12.     Paragraph 12 of the Complaint contains Debtor's consent to entry of final orders and judgments and, therefore, does not require a response.

13.     This paragraph states legal conclusions and thus does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

14.     Paragraph 14 of the Complaint consists of the Debtor's basis for the relief sought and, therefore, does not require a response.

15.     With respect to Paragraph 15, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, leave Plaintiff to its proofs.

16.     With respect to Paragraph 16, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, leave Plaintiff to its proofs.

4

17.     With respect to Paragraph 17, Defendants ADMIT that a Certificate of Merger was filed with the Texas Secretary of State on or about May 2, 2022. Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the remaining allegations and, therefore, leave Plaintiff to its proofs.

18.     With respect to Paragraph 18, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, leave Plaintiff to its proofs. To Defendants' knowledge, the Plaintiff has never disclosed the funding agreement with M2 LoanCo. M2 LoanCo is also the obligee of some, or perhaps all, of the secured debt transferred to CHS TX, Inc. See Main Case ECF 59-10, pp. 185-194.

19.     The Agreement and Plan of Divisional Merger speaks for itself. Defendants DENY that the abusive asset-and-liability allocations set forth in Plaintiff's Plan of Divisional Merger are enforceable against creditors. *See Plastronics Socket, Ltd. v. Hwang,* 2022 U.S. App. LEXIS 883 (Fed. Cir. 2022).

20.     With respect to Paragraph 20, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, DENY the allegations contained therein.

21.     With respect to Paragraph 21, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, DENY the allegations contained therein.

22.     With respect to Paragraph 22, Defendants ADMIT the allegations contained

therein.

23.     With respect to Paragraph 23, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, DENY the allegations contained therein.

24.     With respect to Paragraph 24, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, DENY the allegations contained therein.

25.     No response is required.

26.     Paragraph 26 of the Complaint repeats prior allegations previously made in the Complaint and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

27.     Defendants DENY the allegations contained in Paragraph 27.

28.     Defendants DENY the allegations contained in Paragraph 28.

29.     Paragraph 29 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

30.     With respect to Paragraph 30, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore,

DENY the allegations contained therein.

31.     With respect to Paragraph 31, Defendants DENY the allegations contained herein.

32.     Paragraph 32 of the Complaint repeats allegations previously made in the Complaint and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained herein.

33.     Paragraph 33 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

34.     Paragraph 34 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

35.     Paragraph 35 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

36.     With respect to Paragraph 36, Defendants are without knowledge and or information sufficient to form a belief as to the truthfulness of the allegations and, therefore, DENY the allegations contained therein.

37.     With respect to Paragraph 37, Defendants DENY the allegations contained

therein.

38.     Paragraph 38 of the Complaint repeats allegations previously made in the Complaint and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

39.     Paragraph 39 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

40.     Paragraph 40 of the Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants DENY the allegations contained therein.

41.     With respect to Paragraph 41, Defendants DENY the allegations contained therein.

42.     With respect to Paragraph 42, Defendants DENY the allegations contained therein.

43.     With respect to Paragraph 43, Defendants DENY the allegations contained therein.

44.     With respect to Paragraph 44, Defendants DENY the allegations contained therein.

45.     With respect to Paragraph 45, Defendants DENY the allegations contained therein.

46.     With respect to Paragraph 46, Defendants DENY the allegations contained therein.

47.     With respect to Paragraph 47, Defendants DENY the allegations contained therein.

48.     With respect to Paragraph 48, Defendants DENY the allegations contained therein,

49.     With respect to Paragraph 49, Defendants DENY the allegations contained therein.

## **Prayer for Relief**

Defendants deny that Debtor is entitled to the relief requested in Debtor's Prayer for Relief, including the relief requested in subparts (a)-(e).

Respectfully submitted,

/s/ *Ian T. Cross*

Ian T. Cross (P83367)
Attorney for Defendants Kohchise
Jackson and William Kelly
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2023 a true and correct copy of the foregoing document was filed electronically with the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, which electronically sent notice of the foregoing document to all parties authorized to receive electronic notice in this case.

/s/ *Ian T. Cross*

Ian T. Cross (P83367)
Attorney for Defendants Kohchise
Jackson and William Kelly
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com