United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 19, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TEHUM CARE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 23-03049 |
| | ) | |
| THOSE PARTIES LISTED IN APPENDIX A TO THE COMPLAINT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION AND AGREED ORDER REGARDING
DEBTOR'S MOTION TO EXTEND AND ENFORCE
THE AUTOMATIC STAY AND DISMISSING RMSC PLAINTIFFS**

Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), and defendants K.A., S.A., L.R., L.J., and Jane Does 1-25 (collectively, the "RMSC Plaintiffs"), by and through their undersigned counsel, hereby enter into this Stipulation and Agreed Order as follows:

WHEREAS, on February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 case (the "Main Case");

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4895-6974-7123

WHEREAS, on February 17, 2023, the Debtor filed its *Emergency Motion to Extend and Enforce the Automatic Stay* [Main Case Docket No. 7] (the "Stay Motion");

WHEREAS, on March 3, 2023, the Court entered its *Order Regarding Debtor's Emergency Motion to Extend and Enforce the Automatic Stay* [Main Case Docket No. 118] (the "Initial Stay Order"), temporarily extending the automatic stay to certain non-debtors listed therein, including the City of New York (collectively, the "Non-Debtor Defendants") in the case styled *K.A., S.A., L.R., J.J. and Jane Does 1-25 v. City of New York*, Case No. 1:16-cv-04936, which is currently pending before the United States District Court for the Southern District of New York (the "RMSC Lawsuit");

WHEREAS, the RMSC Lawsuit is currently stayed, solely with respect to the Debtor, by operation of section 362(a)(1) of the Bankruptcy Code;

WHEREAS, on March 23, 2023, the Debtor filed its (i) *Complaint Seeking (I)(A) a Declaratory Judgment that the Automatic Stay Applies to Certain Claims and Causes of Actions Asserted Against Certain Non-Debtors and (B) an Extension of the Automatic Stay to Certain Non-Debtors, or in the Alternative, (II) a Preliminary Injunction Related to Such Actions* [Adv. No. 23-03049, Docket No. 1] (the "Adversary Complaint") and (ii) *Motion for an Order (I)(A) Declaring that the Automatic Stay Applies to Certain Claims and Causes of Action Asserted against Certain Non-Debtors and (B) Extending the Automatic Stay to Certain Non-Debtors, or in the Alternative, (II) Preliminary Enjoining Such Actions* [Adv. No. 23-03049, Docket No. 2] (the "Adversary Stay Motion"), whereby the Debtors commenced the above-captioned adversary proceeding (the "Adversary Proceeding") and requested the Court enter an order extending the automatic stay to certain litigation listed therein, including the RMSC Lawsuit until the earlier of: (a) confirmation

2

of a chapter 11 plan in the Debtor's chapter 11 case; (b) conversion of the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; or (c) dismissal of the Debtor's chapter 11 case;

WHEREAS, the Court extended the Stay Order through August 10, 2023 by the entry on May 18, 2023 of that certain *Order (I)(A) Declaring that the Automatic Stay Applies to Certain Claims and Causes of Action Asserted Against Certain Non-Debtors and (B) Extending the Automatic Stay to Certain Non-Debtors, or in the Alternative, (II) Preliminarily Enjoining Such Actions* [Adv. No. 23-03049, Docket No. 43] (the "Second Stay Order," and together with the Initial Stay Order, the "Stay Orders");

WHEREAS at a hearing on April 11, 2024, with reference to the Adversary Proceeding and the Stay Orders, the Court specifically stated "[t]he stay I imposed earlier in this case stopped litigation involving some third parties.  That expired on its own"; and

WHEREAS, the Debtor and the RMSC Plaintiffs have reached an agreement with respect to the Stay Motion, the Adversary Complaint, the Adversary Stay Motion, the Adversary Proceeding, and the Stay Orders as set forth herein and otherwise desire clarification of the same for the court presiding over the RMSC Lawsuit.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1.      The automatic stay of section 362(a) of the Bankruptcy Code remains in place and continues to apply to the Debtor and its property in every respect.

2.      For the avoidance of doubt and for purposes of clarification, the Stay Orders have expired.  The RMSC Plaintiffs and the RMSC Lawsuit may proceed against any and all *non-Debtor* defendants.  Notwithstanding the prior sentence, nothing that occurs in the RMSC Lawsuit from and after the date the Court signs this Stipulation and Agreed Order shall constitute collateral

estoppel or res judicata against the Debtor, nor shall anything that occurs in the RMSC Lawsuit (including discovery) in any way be binding on the Debtor. For avoidance of doubt, the parties in the RMSC Lawsuit may not seek discovery from the Debtor in connection with the RMSC Lawsuit without further order of this Court amending or modifying the automatic stay to the Debtor.

3.       All of the Debtor's rights, claims and defenses with respect to the RSMC Lawsuit and any and all proofs of claim filed by the RMSC Plaintiffs in the Main Case are fully preserved in every respect.  Similarly, all of the RMSC Plaintiffs' rights against the Debtor, in the RMSC Lawsuit and as set forth in any and all proofs of claim, are fully preserved in every respect.

4.       The RMSC Plaintiffs are hereby dismissed from this Adversary Proceeding.

5.       The RMSC Plaintiffs reserve all rights in the Main Case including, but not limited to, the right to file and respond to pleadings, claims, applications, documents, and notices, as applicable, and the Debtor reserves all rights to respond to same.

6.       This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order. This Stipulation, as approved by the Bankruptcy Court, shall be binding on any chapter 7 or chapter 11 trustee appointed in this case.

Signed:  April 19, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

4

4895-6974-7123

**AGREED AS TO FORM AND CONTENT:**

**WALKER & PATTERSON, PC.**

By:  */s/ Johnie Patterson*
    Johnie Patterson
    Texas Bar No. 15601700
P.O. Box 61301
Houston, Texas 77208
Telephone:  (713) 956-5577
Facsimile:  (713)n957-3358
Email:    jjp@walkerandpatterson.com

**MORRIS JAMES LLP**
    Eric J. Monzo
    Delaware Bar No. 5214
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-5848
Facsimile:  (302) 571-1750
Email:    emonzo@morrisjames.com

*Attorneys for RMSC Plaintiffs*

**GRAY REED**

By:  */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Aaron M. Kaufman
    Texas Bar No. 24060067
    Lydia R. Webb
    Texas Bar No. 24083758
    Amber M. Carson
    Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7127
Facsimile:  (713) 986-5966
Email:    jbrookner@grayreed.com
            akaufman@grayreed.com
            lwebb@grayreed.com
            acarson@grayreed.com

*Counsel to the Debtor*
*and Debtor in Possession*

4895-6974-7123